Stuart M. Richter (CA 126231)
stuart.richter@kattenlaw.com
Gregory S. Korman (CA 216931)
gregory.korman@kattenlaw.com
Paul A. Grammatico (CA 246380)
paul.grammatico@kattenlaw.com
**KATTEN MUCHIN ROSENMAN LLP**
515 S. Flower St., Suite 1000
Los Angeles, CA 90071-2212
Telephone:  213.443.9017
Facsimile:   213.443.9001

Attorneys for Defendant, Allied Interstate, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN SLOATMAN, III AND LALA SLOATMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ALLIED INTERSTATE, LLC, and DOES 1 through 10, inclusive, and each of them,<br><br>Defendant. | Case No. 17-cv-05936-AB-SS<br>Judge Andre Birotte Jr<br><br>**Allied Interstate, LLC's Answer to Complaint**<br><br>Complaint Filed:   August 10, 2017 |

Defendant, Allied Interstate, LLC ("Allied"), through counsel, answers the Complaint ("Complaint") filed by plaintiffs, John Sloatman, III and Lala Sloatman, ("Plaintiffs"), for itself and no other defendant, as follows:

## NATURE OF THIS CASE

1. Allied lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies.

## JURISDICTION AND VENUE

2. Allied admits the Court has jurisdiction over the case.

3. Allied admits that venue is proper.

## PARTIES

4. Allied lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies.

5. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, Allied denies.

6. Allied lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies.

7. Allied lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies.

## FACTUAL ALLEGATIONS

8. Allied denies the allegations in this paragraph.

9. Allied lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies.

10. Allied lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies.

11. Allied denies the allegations in this paragraph.

12. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, Allied denies.

13. Allied lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies.

14. Allied denies the allegations in this paragraph.

15. Allied denies the allegations in this paragraph.

16. Allied denies the allegations in this paragraph.

17. Allied denies the allegations in this paragraph.

## CLASS ALLEGATIONS

18. Allied lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies.

19. Allied lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies.

20. Allied lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies.

21. Allied lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies.

22. Allied denies the allegations in this paragraph.

23. Allied denies the allegations in this paragraph.

24. Allied denies the allegations in this paragraph.

25. Allied lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies.

26. Allied denies the allegations in this paragraph.

27. Allied denies the allegations in this paragraph.

28. Allied denies the allegations in this paragraph.

## FIRST CAUSE OF ACTION

### (Negligent Violations of the TCPA)

29. Allied re-alleges and incorporates paragraphs 1 through 28 above as if fully set forth herein.

30. Allied denies the allegations in this paragraph.

31. Allied denies the allegations in this paragraph.

32. Allied denies the allegations in this paragraph.

## SECOND CAUSE OF ACTION

### (Knowing and/or Willful Violations of the TCPA)

33. Allied re-alleges and incorporates paragraphs 1 through 32 above as if fully set forth herein.

34. Allied denies the allegations in this paragraph.

35. Allied denies the allegations in this paragraph.

36. Allied denies the allegations in this paragraph.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

### (Consent)

1. For its first affirmative defense to all causes of action alleged in the Complaint, Allied alleges that the TCPA claims are barred by the doctrine of consent.

### Second Affirmative Defense

### (Good Faith Defense)

2. For its second affirmative defense, Allied alleges it had a good-faith basis to believe that any calls to these Plaintiffs from Allied were made in good faith based on Allied's understanding Plaintiffs had provided consent to the creditors on whose behalf Allied sought to collect a debt.

## ADDITIONAL POTENTIAL AFFIRMATIVE DEFENSES

Allied reserves the right to amend this Answer and/or allege additional affirmative defenses after conducting further discovery, investigation, research, and analyses.

## PRAYER FOR RELIEF

WHEREFORE, Allied prays for relief as follows:

1. That Plaintiffs take nothing by way of the Complaint;

2. That judgment be entered in favor of Allied and against Plaintiffs;

4

3. That Allied be awarded attorneys' fees as permitted by statute;
4. That Allied be awarded its costs of suit incurred herein;
5. Any other relief the Court deems appropriate.

Dated: October 12, 2017

**KATTEN MUCHIN ROSENMAN LLP**
Stuart M. Richter
Gregory S. Korman
Paul A. Grammatico


By: /s/Paul A. Grammatico
Attorneys for Defendant,
Allied Interstate, LLC

5

ALLIED INTERSTATE, LLC'S ANSWER TO THE COMPLAINT